WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CAROLE DIANE WILSON,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>　　　　　Defendant. | NO. : CV-05-1334-PCT-SMM<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion to Amend Complaint (Doc. No. 7) and Defendant's Response in Opposition (Doc. No. 13). After considering the arguments in Plaintiff's Motion to Amend (Doc. No. 7) and Defendant's Response (Doc. No. 13), the Court issues the following Order.

**BACKGROUND**

On March 12, 2002, Plaintiff filed an application for Disability Benefits under Title II of the Social Security Act (the "Act"), alleging inability to work as of February 29, 2001, due to chronic fatigue syndrome (Administrative Transcript ("Tr.") 104). Plaintiff's application was denied initially and on reconsideration. (Tr. 17) Following an oral hearing (Tr. 30-64), the Administrative Law Judge ("ALJ") issued a decision on September 23, 2004 denying Plaintiff's application, finding that she was not disabled within the meaning of the

Act (Tr. 14-27). On March 4, 2005, the Appeals Council declined to review the ALJ's decision, making it the final decision of the Commissioner (Tr. 7-9).

On May 4, 2005, Plaintiff filed a Complaint with this Court requesting judicial review of her case pursuant to 42 U.S.C. §§405(g) and 1383(c)(3).[1] (Doc. No. 1.) Defendant filed the Answer and administrative transcript on October 17, 2005. (Doc. No. 3.) On June 8, 2006, Plaintiff filed a Motion to Amend Complaint (Doc. No. 7). Defendant filed a Response in Opposition to Plaintiff's Motion to Amend Complaint on June 22, 2006 (Doc. No. 13).

## STANDARD OF REVIEW

Except for amendments made "as a matter of course" or pursuant to stipulation, leave of the Court is required to amend a pleading. FED. R. CIV. P. 15(a). Federal Rule of Civil Procedure 15(a) governs amendments to pleadings and provides that "leave shall be freely given when justice so requires." Federal policy strongly favors determination of cases on their merits, thus the policy favoring amendment is to be applied by this Court with "extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (quoting Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)); See Foman v. Davis, 371 U.S. 178, 181-82 (1962) (finding that the spirit of the Federal Rules requires liberality in the granting of amendments).

---

[1] After any final decision of the Commissioner of Social Security made after a hearing, any individual who was a party to the hearing may obtain a review of the Commissioner's decision by a civil action commenced within sixty days after the mailing of notice of such decision. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business. 42 U.S.C. §405(g). The Court finds jurisdiction and venue are proper because Plaintiff commenced this action within sixty days of mailed notice of the Commissioner's decision and because Plaintiff, as a resident of Arizona, properly brought her case before the U.S. District Court for the District of Arizona.

Federal Rule of Civil Procedure 15(a)'s liberal policy favoring amendments is subject to some limitations. Grant or denial of leave to amend is within the sound discretion of the Court. Swanson v. United States Forest Service, 87 F.3d 339, 343 (9th Cir. 1996). When evaluating whether to grant leave to amend, the Court considers whether the amendment 1) would cause prejudice to the opposing party; 2) is sought in bad faith or with dilatory motive; 3) is futile; 4) creates undue delay; or 5) comes after repeated failure to cure deficiencies by previous amendment. Foman, 371 U.S. at 182; Martinez v. Newport Beach City, 125 F.3d 777, 785 (9th Cir. 1997), overruled on other grounds by Green v. City of Tucson, 255 F.3d 1086 (9th Cir. 2001). The presence of these factors may justify denial of leave to amend. Foman, 371 U.S. at 182. "Not all of the factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence, 316 F.3d at 1052. The party opposing leave to amend bears the burden of showing prejudice. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987).

Although the grant of leave to amend is discretionary, in the absence of any of the Foman factors there is a presumption that leave will be granted. Eminence, 316 F.3d at 1052. A denial of leave to amend "without any justifying reason appearing for the denial is not an exercise in discretion." Foman, 371 U.S. at 182-83. Therefore, unless a reason exists to deny leave to amend, discretion of the Court is not broad enough to permit denial. Where the record fails to indicate the Court's reasons for denial of the motion to amend, reversal is likely. Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 691 (9th Cir. 1993).

**DISCUSSION**

Pursuant to Court's liberal policy in granting amendments under Federal Rule of Civil Procedure 15(a), the Court grants Plaintiff's request to amend her Complaint to include a more accurate representation of her current residence as indicated in lines 2-3

on page two of Plaintiff's proposed First Amended Complaint ("FAC") (Doc. No. 9 at 2). The Court also grants Plaintiff's request to amend her Complaint to more clearly delineate the time period in dispute by including lines 12-15 on page two of the FAC that state: "(T)he period in dispute and the issues raised in this complaint are limited to whether Plaintiff was disabled as that term is defined in the Social Security Act and therefore entitled to a closed period of disability benefits commencing February 28, 2001 through September 23, 2004." (Doc. No. 9 at 2.) Plaintiff's request to add the language in lines 20-21 on page two of the FAC to include a revised demand for damages will also be granted. (Doc. No. 9 at 2.)

The Court now turns to Plaintiff's request to amend her Complaint to include information pertaining to Plaintiff's subsequent application and approval for disability benefits for the period commencing the day after the ALJ's denial on September 23, 2004, (Doc. No. 9 at 2, lines 7-11). While the policy of Federal Rules of Civil Procedure 15(a) liberally permits amendments and circumscribes the exercise of district court's discretion (Eminence, 316 F.3d at 1052), the Supreme Court in Foman held that denial may be justified if the amendment 1) would cause prejudice to the opposing party; 2) is sought in bad faith or with dilatory motive; 3) is futile; 4) creates undue delay, or 5) occurs after repeated failure to cure deficiencies by prior amendment. Foman, 371 U.S. at 182. Because the Court finds that Plaintiff's proposed addition of lines 7-11 on page two of the FAC (Doc. No. 9 at 2) is futile and could prejudice Defendant, the Court will deny that portion of Plaintiff's Motion to Amend.

Plaintiff's proposed amendment to include lines 7-11 on page two of the FAC (Doc. No. 9) is denied because it is futile. A proposed amendment is futile if no set of facts can be proved under the amendment which would constitute a valid claim or defense. Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). "Futility of amendment can, by itself, justify denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815,

-4-

845 (9th Cir. 1995). Plaintiff seeks to amend her Complaint to include information regarding her application and approval for disability benefits occurring after September 23, 2004. Plaintiff's sole justification for the amendment is that the Commissioner's subsequent award of benefits is new evidence that bears on the legitimacy of the Commissioner's prior decision. The Court disagrees. Evidence before or after the period covered by the ALJ's decision is irrelevant to the case before this Court. See 42 U.S.C. §405(g) ("the court shall have power to enter, upon the **pleadings** and **transcript** of the record") (emphasis added); cf. Sullivan v. Hudson, 490 U.S. 877, 884 (1989) (explaining that new evidence may be added to the transcript by motion for remand). Thus, amendment to include lines 7-11 on page two of the FAC (Doc. No. 9), which does not constitute a valid claim or defense, is futile. Accordingly, denial of Plaintiff's request to amend her complaint to include lines 7-11 on page two of the FAC is well within the discretion of the Court.

Although a finding of futility, by itself, is sufficient to justify denial of a motion to amend, the Court also denies the proposed amendment of lines 7-11 on page two of the FAC (Doc. No. 9) because it is prejudicial to Defendant. Prejudice to the opposing party is the most important reason for denying leave to amend. Eminence, 316 F.3d at 1052 ("(p)rejudice is the touchstone of the inquiry under 15(a)") (internal quotations omitted). Here, Plaintiff's proposed amendment adds an averment not relevant to the case (the subsequent award of benefits) which is not otherwise present in the record, but could be prejudicial to Defendant's case. Denial of the amendment, however, will not result in prejudice to Plaintiff as the information is irrelevant to this case.

Due to the futility and prejudicial nature of Plaintiff's proposed amendment, the Court denies Plaintiff's request to amend her Complaint to include lines 7-11 on page two of the FAC (Doc. No. 9).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend/Correct Complaint is **GRANTED** in part and **DENIED** in part, as follows:   (Doc. No. 7.)

**(a)** Plaintiff's request to include lines 2-3 on page two of the FAC (Doc. No. 9) which state, "(a)t the time this complaint was filed, Plaintiff resided at 1989 Acoma Drive within the City of Cottonwood, State of Arizona," is **GRANTED**.

**(b)** Plaintiff's request to include lines 20-21 on page two of the FAC (Doc. No. 9.) which state, ". . . and that the Commissioner of Social Security be ordered to make payment of Plaintiff's claim for Disability Insurance Benefits together with costs; and . . .," is **GRANTED**.

**(c)** Plaintiff's request to include lines 12-15 on page two of the FAC (Doc. No. 9 at 2) which state, "the period in dispute and the issues raised in this complaint are limited to whether Plaintiff was disabled as that term is defined in the Social Security Act and therefore entitled to a closed period of disability benefits commencing February 28, 2001 through September 23, 2004," (Doc. No. 9 at 2) is **GRANTED**.

**(d)** Plaintiff's request to include lines 7-11 on page two of the FAC (Doc. No. 9 at 2) which state,"(s)ubsequent to the Commissioner denying Plaintiff's claim, she filed a new ('subsequent') application seeking disability benefits for a period commencing the day after the Commissioner's Administrative Law Judge's denial dated September 23, 2004.  On January 7, 2006, the Social Security Administration approved Plaintiff's subsequent application and found her disabled as of September 24, 2004 and continuing," is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file the attached First Amended Complaint, as interlined by the Court, as the First Amended Complaint in this action; the Clerk of Court shall <u>not</u> file the First Amended Complaint lodged by Plaintiff on June 8, 2006 (<u>see</u> dkt. 9).

**IT IS FURTHER ORDERED** that the Court Deputy issue a new Scheduling Order pursuant to the terms of the Court's previous Order Granting Plaintiff's Motion to Extend Timeframe for Filing a Motion for Summary Judgment (Doc. No. 12).

DATED this 17th day of July, 2006.

_____
Stephen M. McNamee
United States District Judge