**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carol Diane Wilson, ) | No. CV 05-1334-PHX-SMM |
| ) Plaintiff, ) | **MEMORANDUM OF DECISION AND ORDER** |
| vs. ) ) | |
| Jo Anne B. Barnhart, ) Commissioner, Social Security ) Administration, ) ) | |
| Defendants. ) | |

Pending before the Court are Plaintiff[1] Carol Diane Wilson's Motion for Summary Judgment (Doc. 18) and Defendant Jo Anne B. Barnhart, Commissioner of the Social Security Administration's Cross-Motion for Summary Judgment (Doc. 23). After consideration of the arguments advanced by the parties, the finds the following.

## BACKGROUND

**Procedural History**

On March 12, 2002, Plaintiff protectively filed an application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act (91-93), wherein she alleged disability due to chronic fatigue syndrome (Tr. 104). The DIB application was denied initially and again upon reconsideration. (Tr. 71-74). At Plaintiff's request, an Administrative Law Judge (ALJ) held a hearing on April 1, 2004, with Plaintiff and her attorney present. The ALJ denied Plaintiff's DIB application in a decision dated September 23, 2004 (Tr. 14-27). Thereafter, Plaintiff requested administrative review (Tr. 12), however, the Appeals Council declined,

---

[1] The words plaintiff and claimant are used interchangeably in this opinion.

making the ALJ's decision the final decision of the Commissioner. Plaintiff timely sought judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g).

Plaintiff filed the instant Motion for Summary Judgment on September 14, 2006. (Dkt. 18). On November 20, 2006, Defendant filed a Response to Plaintiff's Motion for Summary Judgment, as well as a Cross-Motion for Summary Judgment . (Dkt. 22-23). Plaintiff then filed a Response to Defendant's Cross Motion for Summary Judgement and Reply in Support of Plaintiff's Motion for Summary Judgment on December 12, 2006. (Dkt. 30). The motions are now fully briefed and ripe for disposition by this Court.

**Relevant Background Regarding ALJ's Decision**

On September 23, 2004, the ALJ issued a decision unfavorable to the Plaintiff. Using the five step sequential evaluation process pursuant to 20 C.F.R 416.920, the ALJ found that Wilson had not performed any substantial gainful activity since her disability onset date (step one), that she suffered from severe impairments (step two)[2], but that these impairments did not meet the criteria of the impairments necessary to satisfy step three[3]. In concluding that the Plaintiff does not have an impairment or combination of impairments that medically meets or equals a listed impairment, the ALJ considered the opinions of the State agency medical consultants who evaluated this issue at the initial and reconsideration levels of the administrative review process and reached the same conclusion (20 C.F.R 404.1527(f) and Social Security Ruling 96-6p); (Tr. 18). Steps four and five require a determination of whether the Plaintiff has retained the residual

---

[2] *Step Two* of the five step sequential evaluation is to determine whether the claimant has "severe" impairment, defined as an impairment, or combination of impairments, which imposes more than a minimal effect on the claimant's physical or mental ability to perform basic work-related activities (20 C.F.R 404.1521, as modified by Social Security Rulings 85-28 and 96-3p). The claimant has the following impairments that are severe under the Regulations: Fibromyalgia and depressive disorder-mild, secondary to medical condition. (Tr. 18)

[3] *Step three* of the five step sequential evaluation is to determine whether the claimant has an impairment or combination of impairments that medically meets or equals the severity requirements of one of the listed impairments set forth at Appendix 1 to Subpart P. 20 C.F.R 404 (Listing of Impairments). The ALJ found that the claimant's impairments did not medically meet or equal the criteria of any listed impairments. The ALJ opined that based on his review of the record, no treating or examining physician has indicated findings that would satisfy the severity requirements of any listed impairment. (Tr. 18)

functional capacity[4] (RFC) to perform the requirements of her past relevant work, and if not, to perform other work existing in significant numbers in the national economy consistent with the Plaintiff's age, education, and past work experience. After consideration of the record, the ALJ concluded that the Plaintiff retained the RFC to perform "light" exertional work.[5] (Tr. 18-19, 25-26). The Plaintiff's past relevant work as a nurse case manager is considered sedentary exertional work[6] as described by Plaintiff. Therefore, Plaintiff's RFC did not preclude her from performing her past relevant work. Accordingly, the ALJ found that the Plaintiff is not disabled within the meaning of the Social Security Act.

## STANDARD OF REVIEW

When deciding a Social Security appeal, the decision of the Commissioner must be affirmed if it is supported by substantial evidence and the Commissioner applied the correct legal standards. *See Batson v. Commissioner of Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004); *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003). When reviewing factual determinations by the Commissioner, acting through the Administrative Law Judge, this Court affirms if substantial evidence supports the determinations. *See Celaya v. Halter*, 332 F.3d 1177, 1180 (9th Cir. 2003); *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). Substantial evidence is more than a mere scintilla, but less than a preponderance. *See Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1011 (9th Cir. 2003); *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). Substantial evidence is relevant evidence which a reasonable person might accept as adequate to support a conclusion when the entire record is considered.. *Howard*, 341 F.3d

---

[4] *Residual functional capacity* is defined as what the claimant can still do despite her physical, mental, nonexertional, and other limitations due to her impairments. *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989); *see* 20 CFR § 404.1545 (2006).

[5] *Light* work is defined as lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds. 20 C.F.R § 404.1567(b) (2005).

[6] *Sedentary* work is defined as lifting no more than ten pounds at a time, and occasionally lifting or carrying articles such as docket files, ledgers, ad small tools; a sedentary job is defined as one which involves sitting, although a certain amount of walking and standing is often necessary. 20 C.F.R § 404.1567(a) (2005).

at 1011; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, the Court may not substitute its judgment for that of the Commissioner. *See Batson*, 359 F.3d at 1193; *McCartey v. Massanari*, 298 F.3d 1072, 1075 (9th Cir. 2002). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. *See Benton*, 331 F.3d at 1040; *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). The ALJ's determinations of law are reviewed de novo, although deference is owed to a reasonable construction of the applicable statutes. *See Edlund*, 253 F.3d at 1156; *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

## DISCUSSION

### I.    Plaintiff's Credibility

Plaintiff contends that the ALJ failed to provide clear and convincing reasons for rejecting her testimony regarding her subjective symptoms. The Court disagrees.

For the ALJ to reject Plaintiff's subjective complaints, he must provide "specific, cogent reasons for the disbelief." *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir.1995) (quoting *Rashad v. Sullivan,* 903 F.2d 1229, 1231 (9th Cir.1990)). Without affirmative evidence showing that the Plaintiff is malingering, the Commissioner's reasons for rejecting the Plaintiff's testimony must be clear and convincing. *See Lester,* 81 F.3d at 834; *Swenson v. Sullivan,* 876 F.2d 683, 687 (9th Cir.1989). If an ALJ finds that a Plaintiff's testimony relating to the intensity of his pain and other limitations is unreliable, the ALJ must make a credibility determination citing the reasons why the testimony is unpersuasive. *See Bunnell v. Sullivan,* 947 F.2d 341 (9th Cir.1991). The ALJ must specifically identify what testimony is credible and what testimony undermines the Plaintiff's complaints. *See Morgan v. Commissioner of Social Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999); *Lester,* 81 F.3d at 834; *Dodrill v. Shalala,* 12 F.3d 915, 918 (9th Cir.1993); *Varney v. Secretary of Health and Human Services,* 846 F.2d 581, 584 (9th Cir.1988). In this regard, questions of credibility and resolutions of conflicts in the testimony are functions solely of the Secretary. *See Yuckert v. Bowen,* 841 F.2d 303, 307 (9th Cir.1988); *Sample v. Schweiker,*

694 F.2d 639, 642 (9th Cir.1982).

In light of her work record,[7] Plaintiff contends that the ALJ impermissibly focused on her daily life activities in discrediting her credibility. The ALJ noted, "she clearly leads a life that is not compatible with disabling pain and limitations...she is able to attend to the needs of a school age child who lives with her, and able to be in a car while her husband drove 130 miles from Cottonwood to Phoenix to see Dr. Fanto, entertained 16 guests for Thanksgiving...she was able to shop...able to go to Nebraska with her daughter to visit an ailing mother and to spend a week in Hawaii with her husband." (Pl. SOF ¶ 47).

The ALJ identified several inconsistencies in the record to support his determination that Plaintiff's allegation regarding disabling pain were not fully credible. "The medical evidence taken as a whole shows clearly that [Plaintiff] leads a life that is not compatible with disabling pain and limitations." (Tr. 22). Plaintiff complained of chronic fatigue yet tends to the daily needs of an 11 year old child. Further, despite the complaints that she could only sit for a maximum period of fifteen minutes at a time and could drive only short distance, she regularly drove 130 miles-each way to Phoenix, sometimes by herself. The ALJ found Plaintiff's testimony regarding her trips to Nebraska and Hawaii lacked credibility. After testifying that on her road trip tp Nebraska, only her daughter drove, the ALJ later referred to a treatment note that indicated that Plaintiff had in fact taken part in the driving. In his decision, the ALJ explained his skepticism of Plaintiff's testimony,

> [Plaintiff] did not voluntarily testify as to her trip to Nebraska. However, when asked about the trip...[Plaintiff] testified her daughter drove her to Nebraska to visit her mother. When [the ALJ] allowed [Plaintiff] to refresh her memory by reviewing her statements in the medical records, she changed her testimony.

(Tr. 23).

The ALJ made a similar observation with regard to a vacation Plaintiff took to Hawaii, which the Plaintiff was also not forthcoming about. (Tr. 23). The ALJ also noted that despite Plaintiff's

---

[7] Plaintiff did not provide the Court with any Ninth Circuit law regarding the weight that a claimant's work history is entitled to in a credibility determination.

complaints, in October 2003, Plaintiff reported to her doctor that she used "shopping" as her exercise, which indicated to the ALJ that the she was in fact physically able to shop.

In determining her credibility, the ALJ also observed that Plaintiff's condition in fact improved over time with treatment. Plaintiff herself testified that trigger point injections provided her with relief from pain for weeks at a time. (Tr. 19, 51-52). Further, Dr. Kasdorf's treatments had reduced her dependence on pain medication. (Tr. 19, 41, 45). *See Odle v. Heckler*, 707 F.2d 439, 440 (9th Cir. 1983) (fair response with antibiotics to alleged impairment, among other things, justified ALJ finding of non-disability).

The Court is assured by the ALJ's explicit findings that he considered Plaintiff's testimony and did not arbitrarily dismiss her complaints, which is the purpose of the clear and convincing requirement. *See Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc) ("[a] reviewing court should not be forced to speculate as to the grounds for an adjudicator's rejection of the claimant's allegations"). In determining that Plaintiff was not entirely credible regarding her complaints of disabling pain, the ALJ comprehensively reviewed the medical evidence, including the reports and opinions of the physicians and Plaintiff's own testimony. It is the ALJ's responsibility to determine credibility and resolve conflicts and ambiguities in the medical and non-medical evidence; when the evidence is susceptible to more than one rational interpretation, and one is provided, the ALJ's conclusion must be upheld. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (when evidence reasonably supports confirming or reversing ALJ's decision, court may not substitute its judgment for that of the ALJ); *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997); *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). Moreover, the ALJ is not required to accept every symptom of which a claimant complains as rising to the level of a functional limitation. *See Magallanes v. Bowen*, 881 F.2d 747, 756-57 (9th Cir. 1989) (ALJ is free to accept or reject claimant's proposed restrictions as long as the decision is supported by substantial evidence). After reviewing the ALJ's decision and the evidence, the Court finds that the ALJ properly advanced his reasons for discrediting Plaintiff's

allegations of disabling pain. Therefore, the ALJ's determination in this respect is supported by substantial evidence and is affirmed.

**II.     Evaluation of the Treating Physicians**

In appealing the ALJ's denial of benefits, Plaintiff contends that the ALJ erroneously rejected the opinions of four of her treating physicians. Each of the four physicians opined that due to her medical conditions, Plaintiff was unable to sustain any work. Social Security regulations require that the ALJ give "controlling weight" to the medical opinion of an applicant's treating physician, so long as that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record. 20 C.F.R. § 404.1527(d)(2). Generally, the more consistent an opinion is with the record as a whole, the more weight the SSA will give to that opinion. 20 C.F.R. § 404.1527(d)(4). However, a physician's opinion of disability "premised to a large extent upon the claimant's own accounts of his symptoms and limitations" may be disregarded where those complaints have been "properly discounted." *Fair,* 885 F.2d at 605 (citing *Brawner v. Secretary of Health & Human Servs.,* 839 F.2d 432, 433-34 (9th Cir.1988)). *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999).

The ALJ premised his decision against relying on the four treating physicians on the fact that the physicians' opinions are not supported by clinical and diagnostic techniques as required by the regulation, and are generally inconsistent with the substantial evidence in the case.

The ALJ rejected the January 2003 opinion of Dr. Mansfield, the consultative psychological examiner who opined that the Plaintiff was seriously limited in her ability to relate to coworkers and the public, interact with supervisors, deal with work stresses, function independently, maintain attention/concentration, understand, remember and carry out complex as well as detailed job instructions. The ALJ found this opinion inconsistent with the doctor's evaluation of the Plaintiff, which showed that she had minimal cognitive deficits. Moreover, the doctor's evaluation found that she had an extremely high level of intelligence, which under his estimation, would allow her to be able to understand, remember, and carry out complex and

7

detailed job instructions. (Tr. 24). The ALJ explained that there is no evidence in the record to support the finding that she has any deficit in her attention or concentration. Furthermore, he pointed out that the Plaintiff's social activities and intact family relationships belie his opinion that she has deficits in this area. (Tr. 24).

The ALJ rejected the July 2002 opinion of Dr. Lee, who opined that the Plaintiff's fatigue and pain would limit her to a less than sedentary level of exertion. This opinion is inconsistent with his evaluations of the Plaintiff, which fail to show any abnormal findings. For example, in April 2001, Dr. Lee found no marked muscle tenderness or muscle wasting. In January and July 2002, Dr. Lee again reported no tender trigger points. Further, despite the complaints, Plaintiff reported to only have been taking the occasional Darvocet for pain. (Tr. 20, 170).

The ALJ rejected the February 2004 opinion of Dr. Kasdorf, Plaintiff's naturopathic physician. Dr. Kasdorf opined that due to the combination of her impairments, the Plaintiff would not be capable of sustaining full time work. However, the ALJ found this opinion was not supported by medical evidence when taken as a whole or by the extensive evidence that appears with the notes of Dr. Kasdorf. The record indicates that between July 2003 and February 2004, treatment by Dr. Kasdorf in fact helped reduce the number of pain pills Plaintiff needed to take and improved her quality of sleep. (Tr. 20, 211).

Likewise, the ALJ rejected the February 2004 opinion of Dr. Welly, Plaintiff's family practice doctor. He opined that Plaintiff was unable to do any work on a sustained basis. However, the ALJ explained that Dr. Welly's treatment notes do not indicate any abnormal clinical findings on which to base his opinion and that it appeared that Dr. Welly was sympathetic to the Plaintiff. The ALJ opined that the doctor based his opinion on Plaintiff's allegations rather than on medical evidence.

The ALJ also rejects the findings of Dr. Fanto, Plaintiff's pain management physician. Dr. Fanto opined that the Plaintiff would be unable to sustain work on a regular and continuing basis for eight hours per day, for five days per week. The ALJ found this opinion to be too severe given Plaintiff's daily activities. Further, although Dr. Fanto reported 18/18 positive

trigger points during an examination in September 2002, by January 2003, the record indicates that Plaintiff's pain had improved with medication management. (Tr. 21, 273-275). Plaintiff admitted that trigger point injections provided three to four weeks of pain improvement at a time. (Tr. 19, 51-52; *see* Tr. 270-272). Consequently, the ALJ found Dr. Fanto's opinion inconsistent with the evidence as a whole.

The ALJ opined that each of the foregoing physicians based their opinions strictly on the subjective allegations of the Plaintiff. Where the credibility of the Plaintiff has been discounted, the ALJ may properly discount the medical opinions that have been based primarily on Plaintiff's subjective allegations of pain. *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999). Accordingly, the Court finds that there is substantial evidence in the record to support the ALJ's determination with respect to the evaluation of the treating physicians opinions.

**III.     Evaluation of the Non-Treating Physicians**

The Plaintiff contends that in the ALJ's decision, and specifically in his RFC determination, the ALJ erroneously relied on the opinions of non-treating, non-examining physicians. Plaintiff argues that in the Ninth Circuit, the opinion of a non-treating, non-examining physician "cannot by itself constitute substantial evidence that justifies the rejection of the opinion of an examining or treating physician." *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir). However, contrary to Plaintiffs contention, the state agency physician is not the only evidence supporting the ALJ's determination. The ALJ determined that Plaintiff retained the RFC to perform "light" exertional work with occasional postural limitations andthe Plaintiff should avoid temperature extremes. The ALJ determined that the Plaintiff was only slightly restricted in her activities of daily living, maintaining social functioning and her ability to concentrate. This determination is supported by the objective medical evidence which indicates that Plaintiff's pain can be controlled by medication, Bowen Bodywork therapy, and trigger point injections. The RFC determination is further supported by the Plaintiff's ability to engage in a range of daily activities as testified to by Plaintiff herself. "An ability to perform

such activities may be seen as inconsistent with the presence of a condition which would preclude all work activity." *See Curry v. Sullivan*, 925 F.2d 1127, 1130 (9th Cir. 1990)(substantial evidence supported finding that Plaintiff was capable of performing light work where she had the ability to take care of personal needs, prepare meals, and do light housework and shopping).

For example, the ALJ observed that Plaintiff is able to drive 130 miles from her home in Cottonwood, Arizona to Phoenix on a regular basis to pick up her stepdaughter. She was able to travel to Phoenix for mental examinations and to visit Dr. Fanto on a regular basis, sometimes driving herself. The ALJ also noted that Plaintiff drove part of the way to Nebraska in the Fall of 2003, despite the fact that during her hearing she initially denied to the ALJ that she had driven. For Thanksgiving that same year, Plaintiff entertained 16 people in her home, which the ALJ judged as an ability to maintain social functioning. The ALJ also gave credence to the fact that the Plaintiff has the ability to care for an 11 year old stepson on a daily basis. All of these activities are indications that Plaintiff is able to perform light work with occasional postural limitations. The ALJ's decision reflects his concern that Plaintiff's daily activities were "incongruent with her allegations of disabling pain and limitations." Based on the foregoing, it is the Courts decision that there is substantial evidence in the record to support the ALJ's RFC determination.

## IV.    Rejecting the State Agency Examiners

Plaintiff alleges that the ALJ erroneously rejected the opinions of the Social Security examining physicians.

The ALJ rejected the May 2004 opinion of Dr. A Lee, who conducted the psychological consultation examination of the Plaintiff in April 2004. She opined that the Plaintiff had moderate limitations in her ability to interact appropriately with the public, supervisors, and coworkers, respond appropriately to work pressures in a usual work setting, and respond appropriately to changes in a routine work setting. The ALJ explains that his refusal to accept this opinion stems from Plaintiff's conduct and participation during her evaluation. The ALJ

explained that the plaintiff "does not appear to have been forthcoming during the clinical interview about her true condition. She described reduced activities of daily living, depression, constant fatigue and an inability to do anything." (Tr. 25). Based on the ALJ's previous determination regarding the Plaintiff's credibility, he concluded that Plaintiff's statements in her interview regarding her abilities were incongruent with her actual abilities. Therefore, the ALJ rejected Dr. Lee's opinion. Here again, the ALJ concluded that the Plaintiff's lack of credibility has heavily distorted the weight that may otherwise have been given to Dr. Lee's opinion.

The ALJ also rejected Dr. Mansfield's opinion, that Plaintiff was "seriously limited, but not precluded" in her ability to relate to co-workers and the public, interact with supervisors, deal with work stresses, function independently, maintain attention and concentration, and understand, remember, and carry out complex and detailed job instructions (Tr. 183), because the opinion was inconsistent with Dr. Mansfield's evaluation of Plaintiff that she had minimal cognitive deficits. Dr. Mansfield's evaluation that Plaintiff that she had an intellectual level higher than average was inconsistent with his assessment that she could not understand, remember, and carry out complex or detailed instructions. Further, it was also inconsistent with her ability to maintain her social activities and family relationships.[8] Based on the foregoing, the Court finds that there is substantial evidence to support the ALJ's finding with regard to the opinions of the state agency examiners.

## V. Lay Witness Evidence

Plaintiff provided the ALJ with affidavits from her husband, daughter, and a former co-worker who each opined that Wilson was unable to perform any occupation. Plaintiff contends that the ALJ improperly rejected such lay witness evidence. She argues that the reason proffered by the ALJ for disregarding the affidavits of her lay witnesses fails to comply with Ninth Circuit law and the relevant Social Security regulation. However, the ALJ properly explained that the lay witness statements were not entitled to significant weight as they "merely

---

[8] The ALJ also explained that it appeared that the Plaintiff was able to push herself to do regular, normal activities when she so desired. (Tr. 24).

11

provide general information about [Plaintiff] and appear to reiterate her own allegations regarding her pain and fatigue." *Lewis v. Apfel*, 236 F.3d 503, 510-511 (9th Cir. 2001)(Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so. *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) (citing *Nguyen v. Chater,* 100 F.3d 1462, 1467 (9th Cir.1996); *Dodrill v. Shalala,* 12 F.3d 915, 918-19 (9th Cir.1993)).

As to Plaintiff's co-worker, the ALJ explained that the co-worker statement that Plaintiff's job performance "deteriorated" over time was inconsistent with the objective medical evidence. (Tr. 143). Both Dr. Mansfield and Dr. A. Lee determined that Plaintiff's intellectual level was in the higher than average to superior range and Dr. A. Lee found little evidence of any cognitive impairment.

Plaintiff's daughter stated that she would visit her mother because Plaintiff "is generally in too much pain to travel to my family's home". Plaintiff's daughter lives in Chandler, Arizona, which is closer in distance to Plaintiff's home in Cottonwood than is Phoenix, where, according to the record, Plaintiff travels to regularly-even driving herself over 130 miles. (Tr. 145). The ALJ found the daughter's statement to be consistent with Plaintiff's complaints and inconsistent with the overall record evidence.

Plaintiff's husband reiterated Plaintiff's assertion that she can only sit for 15 minute increments. However, this assertion is belied by the plaintiff's own acknowledgment of the two hour driving trips she often makes, her road trip to Nebraska, and her trip to Hawaii.

After careful consideration, the Court finds that the ALJ properly evaluated the lay witness statements. Despite the fact that the lay witness statements were consistent with Plaintiff's allegations, they did not aid Plaintiff in establishing disability. Based on a thorough examination of the record, the ALJ rejected Plaintiff's credibility, identifying numerous inconsistencies in the record including facts inconsistent with Plaintiffs many allegations. Consequently, the lay-witness evidence containing statements consistent with those of the

Plaintiff were also inconsistent with many facts in the record. This Court has previously found that the ALJ properly discounted the credibility of the Plaintiff; therefore, he properly rejected the lay witness evidence that purported to bolster that credibility. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (permitting ALJ to reject lay witness testimony that conflicts with other evidence); *Lewis*, 236 F.3d at 510-511. Accordingly, this Court finds that the ALJ's determination in this respect is supported by substantial evidence.

## VI.     Vocational Expert Testimony

Plaintiff contends that "given the multitude of Wilson's physical and documented psychological limitations... it seems obvious the ALJ should have obtained vocational testimony to determine if the work limitations set forth ...are consistent with any gainful employment. The ALJ failed to do this and consequently, his decision does not comport with Ninth Circuit case law..." The Court disagrees.

Under the authority of the Social Security Act, the Social Security Administration has established a five step sequential evaluation process followed in determining disability (20 C.F.R. 404.1520). If a determination that the claimant is, or is not, disabled can be reached at any step of the process, it is unnecessary to proceed throughout the subsequent steps. Where a claimant shows that he or she cannot return to his or her previous job, the burden of proof shifts to the Secretary to show that the claimant can do other kinds of work. Without other reliable evidence of a claimant's ability to perform specific jobs, the Secretary must use a vocational expert to meet that burden. *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993). However, where the claimant has failed to establish that she cannot return to her previous work, the burden remains on her and the use of a vocational expert by an ALJ is merely useful, but not required. *Id*. Here, Plaintiff was unable to show that she was unable to return to her past relevant work. Thus, the ALJ did not err by deciding not to use a vocational expert.

## CONCLUSION

For the reasons stated herein, the Court concludes that the decision of the ALJ is supported by substantial evidence. *See Celaya v. Halter*, 332 F.3d 1177, 1180 (9th Cir. 2003);

13

1. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996).  Therefore, summary judgment in favor of Defendant is appropriate as a matter of law.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff Wilson's Motion for Summary Judgment (Doc. 18 ), is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's Cross-Motion for Summary Judgment (Doc. 23) is **GRANTED** and **JUDGMENT IS ENTERED IN FAVOR OF THE COMMISSIONER AND AGAINST** Plaintiff Wilson.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly.

DATED this 5th day of March, 2007.

_____
Stephen M. McNamee
United States District Judge